UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKIE SUNDANCE LEWIS (a.k.a. FRANK SARGENT),<br><br>                Plaintiff,<br><br>   vs.<br><br>EASTERN STATE HOSPITAL DOCTORS MRS MARCINKOWSKI AND MRS BORROMEO,<br><br>                Defendants. | NO. CV-06-153-LRS<br><br>ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION |

    By Order filed June 29, 2006, the court directed Mr. Lewis to show cause within 30 days why his request to proceed *in forma pauperis* should not be denied under 28 U.S.C. § 1915(g).  Plaintiff had previously filed three or more civil actions *in forma pauperis* in the U.S. District Courts that were dismissed as frivolous or for failure to state a claim, *see Sargent v. Staff at Benton County, et al.,* CT-03-5049-RHW; *Sargent v. Staff Members et al.,* CT-03-5051-CI; *Sargent v. Eastern State Hospital et al.,* CV-04-5137-LRS; and *Sargent v. Counselor Sundace et al.,* CV-05-5011-LRS.

    Rather than show cause, Plaintiff submitted letters on July 10, 2006, and July 27, 2006, and two letters on August 17, 2006.  In the first letter, Plaintiff indicates he is currently incarcerated at the

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION -- 1

Special Offenders Unit at the Monroe Correction Center. He claims he is forced to take anti-psychotic medication, because the doctors at Monroe have contacted the two Defendants named in his complaint. Plaintiff contends if he "won" his case in this court he would no longer be forced to take such medications.

In his complaint, Plaintiff claimed Defendants evaluated Plaintiff for 90 days in 2003, using anti-psychotic medications, and determined Plaintiff was sane at the time he committed the crime of which he was then charged. A second opinion was sought and the criminal charges were eventually dismissed on the basis of diminished capacity. Plaintiff complains, due to the Defendants' alleged malpractice, he was incarcerated on the charge of Burglary for seventeen months. In his complaint, Mr. Lewis seeks to have these Defendants fired from their positions at the Eastern State Hospital, and requests $500.000.00 for "mental anguish and torment I went through." The complaint alleged no imminent danger of serious physical injury.

In the second letter, Plaintiff asserts he had sent a "show cause" two weeks previously stating he was "in Danger of Imminent Danger due to these staff here forcing me to take ANTI-psycotics [sic] all because they were in contact with Eastern State Hospital Doctors and they sent copies of Evaluations to this place called Special Offenders Unit." Plaintiff indicates he has been in this location since June 2005, and claims the administration of anti-psychotic medications is causing him to go through "imminent danger."

///

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION -- 2

This court has no jurisdiction to direct the actions of persons who are not located in this judicial district and who are not parties to this action.  Furthermore, Plaintiff has alleged no facts from which the court could infer he is under imminent danger of serious physical injury.  Accordingly, **IT IS ORDERED** Plaintiff's Application to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915(g).

Plaintiff had been granted the opportunity to pay the full filing fee if he wished to proceed with this action and he did not do so. Therefore, **IT IS FURTHER ORDERED** this action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the filing fee requirements of 28 U.S.C. § 1914(a).

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file.

**DATED** this     25th        day of August, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION -- 3